(June 18, 2013)

■ In the Matter of 150 RFT Varick Corp., Doing Business as Greenhouse, Petitioner, v New York State Liquor Authority, Respondent. [967 NYS2d 353]—

Determination of respondent, dated October 15, 2012, which, after a hearing, cancelled petitioner's liquor license and imposed a $20,000 civil penalty, unanimously modified, on the law, to the extent of vacating the determination with respect to charges 1-4, 6-7, and 10-12, and remitting the matter to respondent for imposition of an appropriate penalty, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Geoffrey D. Wright, J.], entered on or about November 30, 2012) otherwise disposed of by confirming the remainder of the determination, without costs.

Respondent's determination that petitioner suffered or permitted assaults to occur as alleged in charges 1, 3, 4, 6, 7, and 10-12, and suffered or permitted the possession, use, or sale of drugs by a nightclub patron as alleged in charge 2, was not supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Respondent failed to establish that petitioner knew or should have

known of the alleged disorderly conditions asserted in these charges and tolerated its existence (*Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y.*, 23 NY2d 544, 550 [1969]). Seven of these charges involved sudden or spur of the moment acts of violence committed by club patrons. Notably, two of the assaults (charges 1 and 7) occurred in the women's bathroom and were not observed by security personnel, and a third assault (charge 4) stems from an incident involving a patron who was ejected from the club by security personnel. There is no evidence establishing that the patron was subjected to excessive force since she did not testify and the complaint report indicates that the complainant "sustained no injuries."

There is no support in the record for respondent's determination sustaining charge 2 which stems from an allegation that petitioner permitted the sale of drugs on its premises based on the conclusion that the seller was observed snorting cocaine at a table in the club. However, the complaint report does not state that the seller was observed doing drugs in plain sight nor does the testimony of the police officers who were present. Thus, there is no substantial evidence that this drug transaction—in which the seller apparently retrieved drugs from within a bathroom—was readily observable by security personnel, and the facts do not justify the conclusion that petitioner suffered or permitted it (*see Matter of Missouri Realty Corp. v New York State Liq. Auth.*, 22 NY2d 233, 238 [1968] [licensee did not suffer or permit employee's behavior that occurred surreptitiously in a bathroom]).

However, substantial evidence supported the other eight sustained charges, which relate to violations of Alcoholic Beverage Control Law § 106, failure to exercise adequate supervision over the premises in violation of State Liquor Authority rule 54.2 (9 NYCRR 48.2), allowing a sustained and continuing pattern of noise, disturbance, misconduct or disorder in violation of Alcoholic Beverage Control Law § 118, and two instances of use of trade names without respondent's permission.

In light of the foregoing, we remand for the imposition of an appropriate penalty. Concur—Andrias, J.P., Saxe, Moskowitz and Freedman, JJ.